UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:

Julian Jesus,
and other similarly
situated individuals,

      Plaintiff(s),

v.

Baires Valet Parking, Inc.
and Pablo N. Gimenez, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Julian Jesus and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants and Pablo N. Gimenez, individually, and alleges:

Jurisdiction Venues and Parties

1.  This is an action to recover monetary damages for unpaid regular and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff Julian Jesus is a resident of Palm Beach County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant Baires Valet Parking, Inc. (from now on Baires Valet Parking, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Palm Beach County

within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The Defendant, Pablo N. Gimenez, was and is now the owner/partner/officer and manager of Defendant Baires Valet Parking Baires. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred in Palm Beach County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Julian Jesus as a collective action to recover from Defendants regular wages, retaliatory and liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2022, (the "material time") without being adequately compensated.

7. Defendant Baires Valet Parking was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a  valet parking and car wash company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual

gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8.  Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9.  Defendants Baires Valet Parking and Pablo N. Gimenez employed Plaintiff Julian Jesus as a non-exempted, full-time car washer from approximately December 15, 2022, to February 04, 2023, or 7 weeks.

10. During the relevant period, Plaintiff performed as a car washer, and he was paid a piece rate of $120.00 for an SUV and $80.00 per regular car.

11. While employed by Defendants, Plaintiff worked two days per week, from Monday to Saturday, from 8:00 AM to 5:00 PM (9 hours daily),  or a total of 18 hours weekly. Plaintiff did not take bonafide lunch hours.

12. Plaintiff was paid $500.00 just for one week of employment.

13. Plaintiff did not receive compensation for the remaining weeks.

14. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

15. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

16. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

17. Plaintiff did not agree with the lack of payment for his work, and he complained several times to the owner of the business. Plaintiff complained the last time

18. Plaintiff complained several times to his manager and owner of the business Pablo N. Gimenez about the unpaid wages, but Defendant did not pay attention.

19. On or about February 04, 2023, Plaintiff complained about the lack of payment for the week the last time. As a result, Defendants fired Plaintiff. Defendants did not schedule Plaintiff to work anymore.

20. At the time of his termination, Defendants did not pay Plaintiff his back wages, at any rate, not even at the minimum wage rate.

21. At times mentioned, individual Defendants Pablo N. Gimenez was and is now the owner/partner/manager of Baires Valet Parking. Defendants Pablo N. Gimenez was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Baires Valet Parking's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Pablo N. Gimenez had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

22. Plaintiff Julian Jesus seeks to recover regular unpaid hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every hour worked.

25. This action is intended to include every car washer, detailer, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<u>**COUNT I:**</u>
<u>**FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**</u>

26. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-26 of this Complaint as if set out in full herein.

27. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day, and

(C) $7.25 an hour, beginning 24 months after that 60th day.

28. Defendants Baires Valet Parking and Pablo N. Gimenez employed Plaintiff Julian Jesus as a non-exempted, full-time car washer from approximately December 15, 2022, to February 04,  2023, or  7 weeks.

29. During the relevant period, Plaintiff performed as a car washer, and he was paid a piece rate of $120.00 for an SUV and $80.00 per regular car.

30. While employed by Defendants, Plaintiff worked two days per week, from Monday to Saturday, from 8:00 AM to 5:00 PM (9 hours daily),  or a total of 18 hours weekly. Plaintiff did not take bonafide lunch hours.

31. Plaintiff was paid $500.00 just for one week of employment.

32. Plaintiff did not receive compensation for the remaining weeks.

33. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

34. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

35. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

36. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

37. On or about February 04, 2023, Plaintiff complained about the lack of payment for the week. As a result, Defendants fired Plaintiff.

38. At the time of his termination, Defendants did not pay Plaintiff his back wages.

39. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.

42. Defendants Baires Valet Parking and Pablo N. Gimenez unlawfully failed to pay minimum wages to Plaintiff.

43. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

44. Defendants Baires Valet Parking and Pablo N. Gimenez willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

45. Plaintiff has retained the law offices of the undersigned Attorney to represent him individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Julian Jesus respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Baires Valet Parking and Pablo N. Gimenez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable Attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Julian Jesus and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
<u>**PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**</u>

46. Plaintiff Julian Jesus re-adopts every factual allegation stated in paragraphs 1-23 of this Complaint as if set out in full herein.

47. Defendant Baires Valet Parking was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

48. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

50. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

51. Defendants Baires Valet Parking and Pablo N. Gimenez employed Plaintiff Julian Jesus as a non-exempted, full-time car washer from approximately December 15, 2022, to February 04, 2023, or 7 weeks.

52. During the relevant period, Plaintiff performed as a car washer, and he was paid a piece rate of $120.00 for an SUV and $80.00 per regular car.

53. While employed by Defendants, Plaintiff worked two days per week, a total of 18 hours weekly. Plaintiff did not take bonafide lunch hours.

54. Plaintiff was paid $500.00 just for one week of employment.

55. Plaintiff did not receive compensation for the remaining weeks.

56. There was a substantial number of hours that were not paid at any rate, not even at the minimum wage rate, as required by law.

57. Plaintiff did not clock in and out, but the Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

58. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

59. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

60. Plaintiff disagreed with the lack of payment for his work, and he complained several times to the owner of the business Pablo N. Gimenez, but Defendant did not pay attention.

61. These complaints constituted protected activity under the FLSA.

62. On or about February 04, 2023, Plaintiff complained about the lack of payment for the week the last time. Plaintiff requested Pablo N. Gimenez to be paid for his work.

63. However, as a result of Plaintiff's complaints, Defendants fired Plaintiff. Defendants did not schedule Plaintiff to work anymore.

64. At the time of his termination, Defendants did not pay Plaintiff his back wages, at any rate, not even at the minimum wage rate.

65. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

66. There is close proximity between Plaintiff's protected activity and his termination.

67. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

68. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

69. Plaintiff Julian Jesus has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Julian Jesus respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Baires Valet Parking and Pablo N. Gimenez that Plaintiff Julian Jesus recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendants Baires Valet Parking and Pablo N. Gimenez to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff Julian Jesus further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Julian Jesus demands a trial by a jury of all issues triable as a right by a jury.

Date: February 28, 2023

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*